IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:17-CR-35-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MARKELL DESETTAN WIGGINS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to amend his presentence investigation report (DE 302). Where the motion seeks to change the court's substantive ruling on enhancements bearing on the calculation of defendant's guideline sentencing range, and where the motion raises issues regarding defendant's right to appeal his conviction and sentence, the court hereby provides defendant with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize the instant motion as an attempt to file a motion to vacate, set aside, or correct, his sentence under 28 U.S.C. § 2255. Pursuant to Castro, the court warns defendant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive motions." Castro, 540 U.S. at 383. In addition, the court provides defendant with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. Id. The court also notifies defendant of the § 2255 one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255(f).

The court hereby permits defendant to file a response to the court's proposed

recharacterization within **21 days** from the date of this order. The court advises defendant that if, within the time set by the court, he agrees to have the motion recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed. If, however, defendant responds within the time set by the court but does not agree to have the motion recharacterized, the court will not treat it as a § 2255 motion and will dispose of the motion in accordance with the applicable procedural and jurisdictional rules of law governing criminal case matters.[1]

SO ORDERED, this the 27th day of June, 2019.

LOUISE W. FLANAGAN
United States District Judge

---

[1] The court notes that under applicable procedural rules, this court has limited jurisdiction to correct a presentence report. See Fed. R. Civ. P. 35 & 36; see, e.g., United States v. Vanderhorst, ___ F.3d ___, No. 18-6225, 2019 WL 2588541, at *2 (4th Cir. June 25, 2019) (contrasting a district court's jurisdiction to correct what is "purely a clerical error in a judgment, order, or other part of the record —like . . . scrivener's or recording errors" with "judicial and substantive errors").